IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>LOUIS MAULL COMPANY, a Missouri corporation,<br><br>*Defendant.* | Case No. 16-cv-9130<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"), and Arthur H. Bunte, Jr., one of the Pension Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Pension Fund by Defendant in accordance with applicable collective bargaining, participation, and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in

ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Pension Fund is an employee benefit plan and trust, with its principal office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Pension Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Louis Maull Company ("Louis Maull") is a corporation organized under the laws of the State of Missouri. Louis Maull is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8. Local Union No. 688 ("Local 688") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Louis Maull and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, Louis Maull and Local 688 have been parties to a collective bargaining agreement (the "CBA") pursuant to which Louis Maull has been required to make contributions to the Pension Fund on behalf of certain of its covered employees.

10. Louis Maull is also party to a Participation Agreement which requires Louis Maull to pay contributions to the Pension Fund on behalf of its covered employees.

11. Louis Maull agreed to be bound by the terms of the Pension Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12. Under the Trust Agreement, Louis Maull was required to "remit continuing and prompt Employer Contributions to the [Pension Fund] as required by the applicable collective bargaining agreement ..."

13. The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the

fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). […] Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized rate of 7.5% (whichever is greater)*,* and such interest shall be compounded annually.

14. The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

## STATUTORY AUTHORITY

15. Section 515 of ERISA , 29 U.S.C. § 1145, provides:

    Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

    (A)    the unpaid contributions,

      (B)    interest on the unpaid contributions,

      (C)    an amount equal to the greater of--

           (i)    interest on the unpaid contributions, or

           (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

      (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

## COUNT I - DELINQUENT CONTRIBUTIONS

17.    During the period of February 28, 2016 through August 27, 2016, Louis Maull reported the work history of its covered employees to the Pension Fund.

18.    Based upon the employee work history reported to the Pension Fund by Louis Maull during the period of February 28, 2016 through August 27, 2016, Louis Maull has breached the provisions of ERISA, the CBA, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund.

19.    Despite demands that Louis Maull perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Louis Maull has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 18.

20. To date, Louis Maull owes the Pension Fund $33,491.59 for unpaid contributions (not including interest) for the period of February 28, 2016 through August 27, 2016, as a result of the conduct set forth in paragraph 18.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Pension Fund based upon the employee work history reported by Defendant;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

## COUNT II - EQUITABLE RELIEF

21. Plaintiffs incorporate the allegations of paragraphs 1 through 20 as if fully restated herein.

22. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that, "A civil action may be brought--"

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. . .

23. Pursuant to the CBA, the Participation Agreement, and the Trust Agreement, Louis Maull is subject to an ongoing obligation to pay contributions to the Pension Fund, but Louis Maull has consistently failed to pay its monthly obligations since at least March 2016.

24. Louis Maull's next monthly contribution (for September 2016) is due on or before October 15, 2016, and is estimated by the Pension Fund to be $5,752.80.

25. The Pension Fund has no adequate remedy at law to prevent Louis Maull's continued refusal to comply with the terms of the CBA, the Participation Agreement, and the Trust Agreement.

26. Unless Louis Maull is enjoined from failing to comply with its obligation to submit the required fringe benefit contributions, the Pension Fund will suffer irreparable harm.

27. The Pension Fund will suffer irreparable harm because it provides credit toward pension benefits to Louis Maull's employees regardless of whether the contributions that are intended to pay for the pension credit are ever collected.

28. Further, employer delinquencies such as those incurred by Louis Maull adversely affect the Pension Fund's ability to meet funding standards, and negatively impact the financial integrity of the Pension Fund.

29. In addition, Louis Maull's continued delinquency will cause the Pension Fund to lose the benefit of interest income that it would otherwise earn and cause the Pension Fund to incur additional administrative expenses in connection with the detection and remedying of the delinquencies.

**WHEREFORE**, Plaintiffs request the following relief:

(a) An order to show cause why Defendant should not be enjoined from violating the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement;

(b) A preliminary injunction enjoining Defendant from violating the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement;

(c) A permanent injunction enjoining Defendant from violating the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement;

(d) An order enjoining Defendant from distributing its assets outside the ordinary and normal course of its business during the pendency of this proceeding; and

(e) Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

*/s/* Lois J. Yu
Lois J. Yu, Attorney (ARDC #6321772)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 939-2116
lyu@centralstatesfunds.org

September 22, 2016

T: 546267 / 16090071 / 9/22/2016